J. S38014/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
COY D. TUTT, : No. 3293 EDA 2015
:
Appellant :

Appeal from the Judgment of Sentence, August 12, 2015,
in the Court of Common Pleas of Northampton County
Criminal Division at No. CP-48-SA-0000289-2014

BEFORE: FORD ELLIOTT, P.J.E., OLSON AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JUNE 07, 2016**

Coy D. Tutt appeals the August 12, 2015 judgment of sentence of the Court of Common Pleas of Northampton County that fined him $250 plus costs for violating Section 3714 of the Vehicle Code, careless driving-- unintentional death, 75 Pa.C.S.A. § 3714, and $25 plus costs for violating Section 3322 of the Vehicle Code, vehicles turning left, 75 Pa.C.S.A. § 3322. Appellant was initially convicted by a magisterial district judge. He then appealed to the trial court which conducted a trial *de novo*.

The facts as recounted by the trial court are as follows:

> [O]n or about June 2, 2014, at approximately 4 p.m., [appellant] was operating a tractor trailer eastbound on Silvercrest Road. [Appellant] was in the center lane of the three lane roadway, attempting to turn left (north). The weather conditions were clear and sunny. Simultaneously, a motorcycle operated by the decedent, Nicolas Aronis

[("Aronis")], was traveling westbound on Silvercrest Road. Video footage showing the interior of [appellant's] truck cab, as well as through the windshield of the truck, show [appellant] begin making the left turn without looking for oncoming traffic. [Appellant] had papers in his hands. Further testimony demonstrated that [appellant] was attempting to turn into the wrong address. As a result of the collision between the truck and the motorcycle, Mr. Aronis died at the scene. Thus, the evidence was clearly sufficient to sustain the guilty verdicts for both charges.

Trial court opinion, 12/30/15 at 2 (citations to record omitted).

Appellant raises the following issues for this court's review:

1. Whether the evidence was insufficient to support a finding that [appellant] possessed the ***mens rea*** necessary to support a conviction for careless driving unintentionally causing the death of another person, Title 75 Pa.C.S.A. § 3714(B)?

2. Whether the evidence was insufficient to support the conviction for careless driving unintentionally causing the death of another person, 75 Pa.C.S.A. § 3714(B)?

3. Whether the evidence was insufficient to prove beyond a reasonable doubt that your [appellant] unintentionally caused the death of another person where no autopsy was performed on the victim by the Northampton County Coroner's Office?

4. Whether the evidence was insufficient to support a finding that [appellant] initiated a turn where there was no vehicle "so close as to constitute a hazard in violation of vehicle turning left", Title 75 Pa.C.S.A. §3322?

Appellant's brief at 3 (capitalization omitted).

A claim challenging the sufficiency of the evidence is a question of law. ***Commonwealth v. Widmer***, 560 Pa. 308, 319, 744 A.2d 745, 751 (2000). In that case, our Supreme Court set forth the sufficiency of the evidence standard:

> Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. ***Commonwealth v. Karkaria***, 533 Pa. 412, 625 A.2d 1167 (1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. ***Commonwealth v. Santana***, 460 Pa. 482, 333 A.2d 876 (1975). When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. ***Commonwealth v. Chambers***, 528 Pa. 558, 599 A.2d 630 (1991).

***Id.*** at 319, 744 A.2d at 751.

***Commonwealth v. Morgan***, 913 A.2d 906, 910 (Pa.Super. 2006).

Section 3714 of the Vehicle Code, entitled "Careless driving," provides in pertinent part:

> **(a)** **General rule.--**Any person who drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving, a summary offense.
>
> **(b)** **Unintentional death.--**If the person who violates this section unintentionally causes the

> death of another person as a result of the violation, the person shall upon conviction, be sentenced to pay a fine of $500.

75 Pa.C.S.A. § 3714.

Initially, appellant contends that while his conduct constituted criminal negligence, it did not rise to the level of careless disregard for the safety of persons or property as required by the Vehicle Code.

"Careless disregard" is not defined in the Vehicle Code. *See Commonwealth v. Wood*, 475 A.2d 834, 836 (Pa.Super. 1984). In *Commonwealth v. Gezovich*, 7 A.3d 300, 301 (Pa.Super. 2010), this court stated that the term "careless disregard" implied less than willful or wanton conduct but implied more than ordinary negligence or the absence of care.

Here, Pennsylvania State Trooper Christopher Maner ("Trooper Maner") testified that he was dispatched to the crash involving appellant and Nicolas Aronis. As part of his investigation, Trooper Maner obtained a copy of the video that was taken from the inside of the vehicle. There was one view of the inside of the cab and one view that was looking out at the road, essentially the same view that appellant had. (Notes of testimony, 7/29/15 at 11.) Trooper Maner explained what he observed on the video:

> [W]hat I saw was [appellant], he was looking down the road, east down Silvercrest, then looked left to see where he was turning into, and then began to turn and still keep his head turned left without having -- without turning his head back to recheck to see if it was still clear from traffic going westbound.

*Id.* at 15.

Trooper Maner also observed that appellant held a piece of paper in his left hand as he was turning left.  (*Id.* at 15.)  Trooper Maner believed that appellant may have been confused as to where he was turning because he was turning into an address which was different from the address he told Trooper Maner he sought.  (*Id.* at 16.)

The trial court, as fact finder, accepted this testimony.  "It is within the province of the fact finder to determine the weight to be accorded each witnesses' testimony and to believe all, part, or none of the evidence introduced at trial."  *Commonwealth v. Petroll*, 696 A.2d 817, 823 (Pa.Super. 1997), citing *Commonwealth v. Molinaro*, 631 A.2d 1040, 1042 (Pa.Super. 1993).  As a result of this testimony and the trial court's own observation of the video, the trial court determined that appellant began to turn left across the oncoming lane of traffic.  The video and the testimony of Trooper Maner were sufficient for the trial court to conclude that appellant's failure to look at the lane of traffic before he crossed it and the fact that he was driving with one hand constituted careless disregard.  *See Gezovich*.

Appellant also contends that the Commonwealth failed to establish that appellant unintentionally caused Aronis's death where no autopsy was performed.  Jason Nicholas ("Nicholas"), deputy coroner for the County of Lehigh, investigated the death of Aronis.  While he did not perform an

autopsy, he viewed the body and spoke with Trooper Maner. As a result of his investigation, Nicholas concluded that the impact of the tractor-trailer caused multiple traumatic injuries which led to Aronis's death. (Notes of testimony, 7/29/15 at 42.) Nicholas explained on cross-examination that it was the coroner's office's policy to not perform an autopsy if "they are going to be summary offenses." (*Id.* at 44.) Once again, the trial court accepted the testimony of the Commonwealth's witness. At trial, appellant's attorney attempted to question Nicholas as to whether Aronis suffered a heart attack or an aneurysm prior to the collision, but the trial court sustained the Commonwealth's objections to this line of questioning. Appellant points to no statute that required an autopsy. Nicholas's testimony and report provide sufficient evidence for the conclusion that appellant's driving caused Aronis' death and that appellant violated Section 3714.

Finally, appellant contends that the evidence was insufficient to support a finding that he initiated a turn when there was a vehicle "so close as to constitute a hazard." (Appellant's brief at 12.)

Section 3322 of the Vehicle Code provides,

### § 3322.  Vehicle turning left

The driver of a vehicle intending to turn left within an intersection or into an alley, private road or driveway shall yield the right-of-way to any vehicle approaching from the opposite direction which is so close as to constitute a hazard.

75 Pa.C.S.A. § 3322.

Trooper Dennis E. Sims, Jr., formerly a collision analyst reconstruction specialist with the Pennsylvania State Police, testified that based on his examination of the video, Aronis was not speeding. (Notes of testimony, 7/29/15 at 39.) Trooper Maner testified that, based on the video, appellant looked left into where he was turning and then turned without looking back to the other lane of the road to see whether it was still clear. (*Id.* at 15.) Given that appellant's tractor-trailer collided with a motorcycle that was not speeding when he turned and that appellant was not watching for oncoming traffic when he turned, the trial court had sufficient evidence to conclude that appellant violated Section 3322.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/2016